IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 13, 2003 Session

## LISA KAY ROGERS v. RICHARD BARRETT ROGERS

**Direct Appeal from the Chancery Court for Hamilton County**
**No. 00-0979 Part II    Hon. Howell N. Peoples, Chancellor**

FILED JULY 14, 2003

**No. E2002-02300-COA-R3-CV**

In this divorce action, the Trial Court divided marital property and awarded child support and rehabilitative alimony.  Both parties raise issues on appeal.  We affirm, as modified.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed, as modified.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

William M. Monroe, Memphis, Tennessee, for Appellant.

Phillip C. Lawrence, Chattanooga, Tennessee, for Appellee.

**OPINION**

In this divorce action, the wife appeals from the Judgment entered by the Trial Court.[1]

After the proof was completed, the Court rendered a Memorandum Opinion and found that both parties were guilty of misconduct during the marriage, but the husband had committed adultery and so the Court granted the divorce to the wife.  The Court found that a condo in Destin was purchased before the marriage and the bulk of renovations were done before the marriage, so the condo was found to be the husband's separate property.  The Court found that the

---

[1]The parties were married September 11, 1999.  The divorce action was filed September 11, 2000.  Their daughter was born on April 17, 2001.

Jack Wilson Road property was also the husband's prior to the marriage, and that improvements were made during the marriage, but there was insufficient evidence to determine how much those improvements increased the home's value, so the Court stated it could only find the cost of these improvements or $54,450.00 was marital property. The Court also found that the additional 1.44 acreage the husband purchased on Jack Wilson Road for $40,000.00 was a marital asset subject to division because it was purchased during the marriage.

The Court found that a boat was also purchased during the marriage and thus was a marital asset and valued it at $255,000.00. The Court found that the husband's pension increased $22,721.00 during the marriage and that this increase was marital property. The Court found that the U.S. Stove Company was owned by the husband prior to the marriage, and that there was insufficient evidence that the action of either party had increased its value during the marriage, or even that there was an increase in value. Thus, the Court found the company remained the husband's separate property. The Court found that the interest owed to husband which accrued during the marriage on the notes payable to him from the company was marital property in the amount of $58,408.00.

A Mercedes automobile was purchased before the marriage and was titled in the husband's name only, but the Court found that there was a dispute about the husband's intent, and that since he retained title there was no delivery and the Mercedes was not a gift. The Court found, however, that since the wife was the only person who ever drove the car, the Mercedes was marital property and set its value at $70,000.00. The Court awarded the wife the furniture at the condo and the husband all the rest of the furniture.

The Court found that the property in Molly Meadows was owned by the wife prior to the marriage, and that the wife had continued to work on the home during the marriage, and had expended $30,000,99 in marital funds on it. The husband made no claim to that home, however, and it was found to be the wife's separate property.

The Court found that wife took checks in question and used them to withdraw marital funds, and found that the wife was indebted to the marital estate for $39,200.00, and that the wife still owed husband $7,000.00 on the loans he made to her.

The Court found the marital estate totaled $549,600.00, and that a 50/50 division would be equitable, or $274,800.00. The Court held that the parties should equally split the marital debts, and added the husband's share of those back to the wife's half of the estate (while ruling that wife would be responsible for paying the same), and then subtracted $7,000.00 for the outstanding loan, thus awarding wife $275,100.00, and that the wife could continue to live in the Destin condo for 4 months.

The Court found that the wife had ceased working to take care of the renovations on the husband's property, and that she would need to re-establish her occupation. He found that the wife was working before the marriage, but that her earning capacity was far less than the husband's,

but the wife was young and able to work, but she was presently caring for an infant, and it would be undesirable to have her work outside the home at that time. Thus, the Court found that wife was entitled to rehabilitative alimony for 24 months, at $4,000.00 per month.

The Court accepted the parenting plan proposed by the husband, except that the Court stated that visitation for the first 6 months would be supervised by wife's mother, and that the husband would pay for transportation costs, and would be sober and not consume alcohol during his parenting time. The Court found the husband should pay $2,100.00 per month in child support, and ultimately awarded wife $26,576.25 in attorney's fees. Against the total of around $79,000.00 which was sought, the Court said the award given was reasonable and that to order the husband to pay more "would be to penalize Mr. Rogers for being a wealthy man".

On appeal, the wife argues the Trial Court erred in its award of child support by failing to determine the husband's income, and in failing to calculate support based on the guidelines. The husband argues that the Trial Court correctly capped his support obligation at $2,100.00 or 21% of $10,000.00 per month, because of the recently enacted Tenn. Code Ann. §36-5-101(e)(1)(B).

Historically, our case law interpreting the child support guidelines has stated that the court is to determine and consider all income of the obligor parent, and is to apply the appropriate percentage to that income based upon the number of children. Tenn. Comp. R. & Regs. 1240-2-4-.03 and .04. Under the guidelines, if the obligor's income exceeds $10,000.00 per month, the court "may consider a downward deviation from the guidelines if the obligor demonstrates that the percentage applied to the excess of the net income above $10,000.00 a month exceeds a reasonable amount of child support based upon the best interest of the child and the circumstances of the parties. The court may require that sums paid above the percentage applied to the net income above $10,000.00 be placed in an educational or other trust fund for the benefit of the child." Tenn. Comp. R. & Regs. 1240-2-4- .04.

Tenn. Code Ann. §36-5-101(e)(1)(B), which took effect July 2001, states:

Notwithstanding any provision of this section or any other law or rule to the contrary, if the net income of the obligor exceeds ten thousand dollars ($10,000) per month, then the custodial parent must prove by a preponderance of the evidence that child support in excess of the amount, [calculated by multiplying the appropriate percentage set forth in the child support guidelines by a net income of ten thousand dollars ($10,000) per month], is reasonably necessary to provide for the needs of the minor child or children of the parties. In making its determination, the court shall consider all available income of the obligor, as required by this chapter, and shall make a written finding that child support in excess of the amount so calculated is or is not reasonably necessary to provide for the needs of the minor child or children of the parties.

This statute was in effect at the time of the trial, and is applicable to this case. While this statute

conflicts with Tenn. Comp. R. & Regs. 1240-2-4- .04, the statute states that it is to be applied "Notwithstanding any provision of this section or any other law or rule to the contrary". Tenn. Code Ann. §36-5-101(e)(1)(B). The statute has been applied in other cases decided by this Court. *See Kreuser v. Smith*, 2003 WL 132456 (Tenn. Ct. App. Jan. 16, 2003), perm. app. denied; *Zabaski v. Zabaski*, 2002 WL 31769116 (Tenn. Ct. App. Dec. 11, 2002).

Applying this statute to this case, it was incumbent upon the wife to prove by a preponderance of the evidence that child support in excess of $2,100.00 was reasonably necessary to provide for the needs of the minor child. She did not offer such proof. However, the Trial Court is still required to "consider all available income of the obligor, as required by this chapter, and shall make a written finding that child support in excess of the amount so calculated is or is not reasonably necessary to provide for the needs of the minor child." The trial court made no finding regarding husband's income, and did not calculate what the husband's child support obligation would be considering all of his income. The Trial Court did not make a written finding that child support in excess of $2,100.00 was or was not reasonably necessary to provide for the needs of the child. This is mandatory language and requires remanding for the Court to make this determination.

Next, the wife argues that the Trial Court erred by failing to deviate from the guidelines due to the father's lack of visitation, and for failing to award an amount of support retroactive to the child's birth. As to the lack of visitation, the guidelines state that "If the child(ren) is/are not staying overnight with the obligor for the average visitation period of every other weekend from Friday evening to Sunday evening, two weeks during the summer and two weeks during holiday periods throughout the year, then an amount shall be added to the percentage calculated in the above rule to compensate the obligee for the cost of providing care for the child(ren) for the amount of time during the average visitation period that the child(ren) is/are not with the obligor". Tenn. Comp. R. & Regs. 1240-2-4-.

The evidence shows that the husband will not be visiting with the child in the way the guidelines contemplate. The issue thus becomes how this provision in the guidelines is to be applied in light of Tenn. Code Ann. §36-5-101(e)(1)(B). As the Supreme Court has stated, however, "our familiar rule of statutory construction [is] to 'resolve any possible conflict between the statutes in favor of each other ... so as to provide a harmonious operation of the laws.' *Holder v. Tennessee Judicial Selection Com'n,* 937 S.W.2d 877, 937 (Tenn. 1996).

Harmonizing Tenn. Code Ann. §36-5-101(e)(1)(B) and the section of Tenn. Comp. R. & Regs. 1240-2-4- .04 dealing with reduced visitation, requires the Court to set the base child support according to Tenn. Code Ann. §36-5-101(e)(1)(B) and the limitations it imposes, but then to allow an upward deviation if there is reduced visitation.[2]

Since the husband is not exercising standard visitation in this case, it is necessary for

---

[2]While the statute caps the child support in this case where there was no proof that additional child support was "reasonably necessary", the stated guidelines supply the basis for a deviation.

the Trial Court to consider whether an upward deviation is necessary pursuant to Tenn. Comp. R. & Regs. 1240-2-4- .04, and the matter is remanded for further consideration.[3]

Next, the wife insists that child support should have been set retroactively to the child's birth. Tenn. Comp. R. & Regs. 1240-2-4- .04(e) states that when initial support is being set, a judgment "must be entered to include an amount due for monthly support from the date of the child's birth . . . until the current support order is entered. This amount must be calculated based upon the guidelines using the average income of the obligor over the past two years and is presumed to be correct unless rebutted by either party." It is mentioned in the transcript that husband has been paying wife some amount of temporary support, but there is no order reflecting the amount or the allocation in the record. Since this is a mandatory provision in the guidelines, this issue is also remanded so the Trial Court can determine whether appropriate child support was paid to the wife from the child's birth forward.

Wife asserts that the Trial Court erred in adopting the proposed parenting plan filed by the husband, in light of the fact that husband has a serious drinking problem. Husband's plan provides for husband to have 3 hours per month with the child until the child reaches school age, and then alternate weekends and holiday visitation once the child reaches school age. The Court adopted this plan, with the restriction that visitation for the first 6 months would be supervised by the wife's mother in Alabama, and that husband would be sober and not consume alcohol during his parenting time.

Wife argues that this is not in the child's best interests and does not safeguard the child against the dangers posed by the father's excessive drinking. Husband argues that the Trial Court's visitation decision cannot be reversed absent a showing of abuse of discretion. However, the Supreme Court has made clear that a non-custodial parent's visitation "may be limited, or eliminated, if there is definite evidence that to permit ... the right would jeopardize the child, in either a physical or moral sense." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). It is clear the husband admitted that his drinking was a serious problem in the marriage. The husband should be allowed to see his child so long as he is sober and able to care for it. The Trial Court, in adopting the husband's parenting plan, ordered and emphasized that during his visitation "he shall be sober and shall not consume alcoholic beverages during his parenting time". We believe this condition for visitation should not be limited to the first six months of the visitation, but should continue throughout all times of the husband's visitation, due to the substantial evidence of the husband's problems with alcohol.

Next, the wife argues that the Mercedes motor vehicle was a gift to her, and therefore her separate property, while the husband argues the Mercedes should have been found to be his

---

[3] Husband argues that an upward deviation is not warranted because he is having to pay transportation costs for the visitation. This is something that the Trial Court can take into consideration upon remand, but does not negate the mandatory language regarding an upward deviation for reduced visitation.

separate property, and not a marital asset.

The evidence shows the Mercedes was purchased by husband, before the parties were married, and titled in the husband's name only. The wife is the only person who drove the car during the marriage, and the husband admits that he bought the car for his wife to drive, so she would have a decent and safe vehicle. The wife testified that husband told her the car was a gift to her, and an employee of the dealership testified that the husband told him this as well. The husband offered proof to the contrary.

As this Court has previously explained:

> In classifying the parties' property as either marital or separate, the trial court is vested with wide discretion, and its decision is entitled to great weight on appeal. In accordance with rule 13(d) of the Tennessee Rules of Appellate Procedure, the trial court's classification and division of marital property enjoys a presumption of correctness and will be reversed or modified only if the evidence preponderates against the court's decision.

*Dunlap v. Dunlap*, 996 S.W.2d 803, 814 (Tenn. Ct. App. 1998). Here, the husband bought the Mercedes after he and the wife were engaged and were living together and pooling resources. Husband testified that he bought the car for wife to drive, even though he disputed that it was a gift to her. Husband and wife picked out the car together, and it was understood that the car was for the wife. Both testified that wife was the only person ever to drive the motor vehicle. The evidence does not preponderate against the Trial Judge's ruling that the vehicle was marital property.

The wife argues that she should have been awarded a larger amount for attorney's fees, and husband argues that she was awarded too much. The husband argues the wife's attorneys spent an inordinate amount of time on "meritless issues", but a review of the record demonstrates that this argument is applicable to both parties.

An award of attorney's fees is reviewed under an abuse of discretion standard, and there is no showing that the Trial Court abused its discretion in the fees awarded, which we affirm.

The husband argues that he should have been awarded one-half of the cost of any improvements made to the Molly Meadows house during the marriage, but the Trial Court determined the husband had made no claim for those costs. The record demonstrates the husband prepared a list of assets, and listed this property as acquired by the wife before marriage. Other properties which the husband asserted were his separate property were listed as acquired by husband before the marriage. Thus, it appears that husband concluded that this was the wife's separate property. However, the Court could have divided the sum of money spent on the home during the marriage, but the ultimate question thus becomes whether the property division was equitable overall.

Appellate courts are to give "great weight" to the trial court's division of marital property, and should defer to it unless it is inconsistent with the statutory factors or is not supported by the evidence. *Kinard v. Kinard*, 986 S.W.2d 220 (Tenn. Ct. App. 1998). Tenn. Code Ann. §36-4-121(c) lists the statutory factors which must be considered. The trial court should make a distribution which is equitable, but it does not have to be mathematically equal. *Wade v. Wade*, 897 S.W.2d 702 (Tenn. Ct. App. 1994).

In this case, we find that the Trial Court made an equitable distribution of the marital assets, and the evidence does not preponderate against his determination. We affirm the property classification and division of marital assets and the award of attorney's fees, but vacate and remand on the issue of child support for further proceedings, and the visitation will be conditioned as stated herein.

The cost of the appeal is assessed one-half to each party and the cause remanded.

_____
HERSCHEL PICKENS FRANKS, J.